```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                               CRIMINAL ACTION NO. 2:16-00012-01

**JOSHUA MICHAEL WALLS**

### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On March 11, 2021, the United States of America appeared by Nicholas M. Miller, Assistant United States Attorney, and the defendant, Joshua Michael Walls, appeared in person and by his counsel, John H. Tinney, Jr., Esq., pursuant to the court's order of February 26, 2021, for a hearing on a Motion to Withdraw as Counsel filed on February 23, 2021, by John H. Tinney, Jr., and a final hearing on a petition and amended petition submitted by United States Probation Officer Patrick M. Fidler, seeking revocation of supervised release, which hearing is continued from the October 29, 2020, revocation hearing, following which the parties filed briefing by the defendant on October 30, 2020, and briefing by the United States on December 2, 2020, to which there were attached two reports by the West Virginia State Police Laboratory of analysis under

dates of September 24, 2020, and November 10, 2020, that have been received as Government Exhibits 1 and 2 at the hearing this date. Before the revocation hearing began, defense counsel, with the agreement of the defendant, withdrew his Motion to Withdraw as Counsel and the court deemed the motion as withdrawn and the revocation hearing was held.

The defendant commenced a twenty-six (26) month term of supervised release in this action on March 14, 2019, as more fully set forth in the Supervised Release Revocation and Judgment Order Memorandum Opinion and Order entered by the court on July 2, 2018.

The court heard the admissions and objections of the defendant and the representations and argument of counsel.

Pursuant to the findings of fact and conclusions of law made by the court on the record of this proceeding in open court, which findings and conclusions are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant failed to report at any time and participate in the 9 to 12 month program at Recovery Point in Bluefield, West Virginia as

required by the order entered on July 2, 2018, by March 20, 2019; (2) Once the conditions were modified by order entered May 28, 2019, allowing the defendant to participate in the substitute program of 120 days at the Dismas Charities Inc., Community Confinement Center, defendant was discharged from Dismas after 18 days on July 27, 2019, for failure to comply with its rules and regulations; (3) on August 31, 2019, the defendant, in violation of West Virginia law, was found driving on the public highways on a suspended license; (4) on September 10, 2019, the defendant, in violation of West Virginia law, was again driving on the public highways on a suspended license; (5) the defendant failed to report to his probation officer, within seventy-two hours, his arrest stemming from the incident on May 14, 2020, set forth in paragraph 4 of violation number 3 in the amended petition; (6) from July 25, 2020, to at least September 1, 2020, the defendant has failed to attend weekly substance abuse counseling sessions; (7) based on violation number 3 paragraph 4 of the Amendment to Petition with respect to the events of May 14, 2020, the court made findings of facts and conclusions of law set forth on the record of the hearing and finds that based on those findings, the defendant possessed with intent to distribute heroin, found to weigh 10.803 grams; all as admitted on the record of the hearing by the defendant as to

(1), (2), (3), (4) (5) and (6), and with respect to (7) admitted by the defendant only as to his possession rather than possession with intent to distribute, and all as set forth in the petition and amended petition on supervised release, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583 (e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TWELVE (12) MONTHS and ONE (1) day, with no further term of supervised release imposed.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  March 19, 2021

John T. Copenhaver, Jr.
Senior United States District Judge

5